Whitted v. Manchester                    CV-94-613-SD   01/11/95

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Rudolph Whitted;
Theresa Whitted

     v.                                          Civil No. 94-613-SD

City of Manchester;
County of Hillsborough;
State of New Hampshire;
John Doe I through John Doe XII


                            O R D E R


     Plaintiffs have moved to remand this action to state court.

Document 5.  The defendant Hillsborough County objects.  Document

9.  For reasons that follow, the motion to remand is herewith

granted.


1.  Background

     Claiming that injuries and damages were caused them by the

illegal execution of a search warrant at their premises,

plaintiffs Rudolph and Theresa Whitted commenced this action in

state court.  They named as defendants the City of Manchester,

Hillsborough County, the State of New Hampshire, and some twelve

"John Does".[1]

Some of the 48 paragraphs of plaintiffs' complaint sought recovery for alleged deprivation of civil rights in contravention of 42 U.S.C. § 1983.[2]  Defendant Hillsborough County petitioned for removal under the "equal rights" provisions of 28 U.S.C. § 1443, claiming original jurisdiction to exist under 28 U.S.C. § 1331 and supplemental jurisdiction to exist under 28 U.S.C. § 1367.

None of the other named defendants joined in the Hillsborough County petition for removal.  The City of Manchester interposes no objection to the motion to remand.[3]  The State of

---

[1]The "John Does" are alleged to have been employees of the named defendants at times relevant to these proceedings.

[2]42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the
> District of Columbia, subjects, or causes to
> be subjected, any citizen of the United
> States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable
> to the party injured in an action at law,
> suit in equity, or other proper proceeding
> for redress. . . .

[3]Contact between plaintiff's counsel and the office of counsel for the defendant City led plaintiff's counsel to represent to this court that the City joined in the motion to remand.  Document 11.  The City, however, filed an objection to remand, document 8, but on further communication with counsel, it

2

New Hampshire, by medium of a "response" (document 14), indicates that it is not a proper party to these proceedings.[4]

## 2. Discussion

Although nominal parties, such as "John Does", may be discarded in consideration of the right to removal, ordinarily all defendants are required to join in a petition for removal. See C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION (SECOND) § 3731 (1985). This rule of unanimity, however, requires only the consent of those parties who would have been able independently to remove the claims against it. Rey v. Classic Cars, 762 F. Supp. 421, 425 (D. Mass. 1990); Handelman-Smith v. Peck, 762 F. Supp. 1520, 1521 (D. Mass. 1991). Accordingly, failure of the State of New Hampshire to consent to removal does not trigger remand in light of the Eleventh Amendment prohibition of a suit against the state in a federal court absent the state's consent. Id.

The fact that the defendant City of Manchester does not consent to removal is, however, a different matter, as it deprives the removal proceedings of the requisite unanimity.

_____

withdrew this objection, document 15.

[4]Inter alia, the State contends that none of its agents, servants, or employees were involved in the ill-fated search.

Moreover, 28 U.S.C. § 1443[5] does not authorize removal of cases which invoke the broad civil rights provisions of 42 U.S.C. § 1983. The "denied or cannot enforce" clause of subsection (1) of that statute requires that the civil rights "allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). It must further appear "that the removal petitioner is 'denied or cannot enforce' the specific federal rights 'in the courts of [the] State.'" Id. (quoting 28 U.S.C. § 1443(1) (1988)).

And the "color of authority" clause of subsection (2) of section 1443 "is available only to federal officers and to

---

[5]28 U.S.C. § 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court, may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

4

persons assisting such officers in the performance of their official duties." Greenwood v. Peacock, 384 U.S. 808, 815 (1966).[6]

A review of plaintiff's lengthy complaint reveals that there are here no claims made concerning either deprivation of racial equality or participation of federal officers. Combined with the lack of unanimity, it appears that the case is one which should properly be tried in a state court.

## 3. Conclusion

For the reasons hereinabove set forth, this case is herewith remanded to state court for all further proceedings.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 10, 1995

cc:  Jean-Claude Sakellarios, Esq.
     Michael B. O'Shaughnessy, Esq.
     James G. Walker, Esq.
     Claire L. Gregory, Esq.

---

[6]Defendant County suggests such federal officers were involved in the search, but the pleadings of record before this court contain no allegations of their participation.